IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| KMART CORPORATION<br>Plaintiff<br><br>vs<br><br>SEGUROS TRIPLE-S, INC.,<br>d/b/a TRIPLE-S PROPIEDAD; CAPARRA CENTER ASSOCIATES, LLC; JOHN DOES I-X; ABC INSURANCE COMPANIES, as well as any other joint tortfeasors<br>Defendants | CIVIL 12-1626CCC |

**OPINION AND ORDER**

On August 3, 2013 plaintiff Kmart Corporation (hereinafter "plaintiff") filed suit against defendant Seguros Triple-S, Inc. d/b/a Triple-S Propiedad (hereinafter "defendant" or "defendant TSP") alleging claims of breach of contract, negligence, and bad faith for defendant TSP's failure to cover or repair damages caused to the Kmart store at San Patricio Mall on October 23, 2009 from the explosion at the Caribbean Petroleum Company's facility (hereinafter "CAPECO") (docket entry 1). Before the Court is defendant TSP's Motion to Dismiss for Plaintiff's Failure to State a Claim Upon which Relief Can Be Granted filed on January 7, 2013 (**docket entry 12**), along with plaintiff's Response in Opposition filed on January 24, 2013 (docket entry 13). In its motion to dismiss defendant TSP alleges that plaintiff failed to state a claim under Fed. R. Civ. P. 12(b)(6) because nowhere in the Complaint does plaintiff state that the insurance contract defendant TSP issued to insure Caparra Center Associates, LLC (hereinafter "CAA") building against damage or destruction by fire or other casualties includes Kmart Corporation and/or Kmart 4490 as an insured under the property coverage of the policy issued. Movant alleges that said policy does not include property or first party insurance in favor of plaintiff. It further claims that pursuant to Article 1209 of the Civil Code of Puerto

CIVIL 12-1626CCC                                        2

Rico, plaintiff is without privity of contract to claim rights under the policy of insurance issued by it, which rights are reserved to its insured CCA.

### **Failure to State a Claim Upon which Relief may be Granted**

Under Rule 12(b)(6), a defendant may move to dismiss an action against him for lack of federal subject-matter jurisdiction or for failure to state a claim upon which relief can be granted." Benítez-Navarro v. González-Aponte, 660 F. Supp. 2d 185, 188 (D.P.R. 2009). "In Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court held that to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege 'a plausible entitlement to relief'." Martínez-Díaz v. Doe, 683 F. Supp. 2d 171, 173 (D.P.R. 2010). When ruling on a motion to dismiss the "court must accept the complaint's well-pleaded facts as true and indulge all reasonable inferences in the plaintiff's favor." Cook v. Gates, 528 F.3d 42, 48 (1st Cir. 2008). Although "Twombly does not require heightened fact pleading of specifics . . . it does require enough facts to 'nudge [plaintiffs'] claims across the line from conceivable to plausible'." Quirós v. Muñoz, 670 F. Supp. 2d 130, 131 (D.P.R. 2009). "Accordingly, in order to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient to 'raise a right to relief above the speculative level'." Maldonado-Concepción v. Puerto Rico, 683 F. Supp. 2d 174, 175-76 (D.P.R. 2010).

In Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937 (2009), the Supreme Court upheld Twombly and clarified that two underlying principles must guide this Court's assessment of the adequacy of a plaintiff's pleadings when evaluating whether a complaint can survive a Rule 12(b)(6) motion. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949. "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950. "Thus, any nonconclusory factual allegations in

CIVIL 12-1626CCC                              3

the complaint, accepted as true, must be sufficient to give the claim facial plausibility." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id., at 1949. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id., at 1950. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -but it has not 'show[n]'- 'that the pleader is entitled to relief'." Id. "Furthermore, such inferences must be at least as plausible as any 'obvious alternative explanation'." Martínez-Díaz v. Doe, 683 F. Supp. 2d at 174 (quoting Ashcroft v. Iqbal, 129 S.Ct. at 1950-51).

### Analysis

The instant complaint clearly sets forth as its second and third cause of action defendant TSP's alleged breach of contract and negligence/bad faith. **Plaintiff alleges as to defendant TSP's breach of contract**: (1) that it insured the structure and associated materials and is required per the terms of the applicable insurance policy to cover the damages suffered by the structure and Kmart, including any costs to bring the structure back to its pre-incident condition (general allegation #26); (2) that it provided insurance coverage to the building and permanent improvements located at Kmart 4490 during a period including October 23, 2009 (allegation #41); (3) that pursuant to the terms of the insurance policy, it was responsible for any loss or damage caused to the commercial development including Kmart 4490 resulting from fire, explosion, or other casualty (allegation #42); (4) that it was responsible for coverage and payment for the loss and damages caused to the building leased by Kmart as a direct result of the CAPECO explosion on October 23, 2009 (allegation #43), (5) that the October 23, 2009 CAPECO explosion caused damage to Kmart 4490, the building, metal deck, permanent improvements, and/or fireproofing materials in the amount no less than $161,000 (allegation #44); (6) that despite being

CIVIL 12-1626CCC                                             4

notified of the covered loss suffered at Kmart 4490, defendant TSP has refused to comply with the terms of the applicable insurance policy (allegation #45); and (7) that its breach of the insurance policy and failure to take legal responsibility for the losses suffered by Kmart 4490 as a result of the CAPECO explosion have resulted in damages to plaintiff in an amount no less than $161,000 (allegation #46).

**Plaintiff's specifically allege as to defendant TSP's negligence/bad faith**: (1) that TSP owed a duty to Kmart to operate in good faith and to timely assess and pay all valid insurance claims made on policies issued by it for coverage of Kmart 4490 (allegation #50) and (2) that TSP failed to operate in good faith and to timely assess and pay all valid insurance claims on policies issued by it for coverage of Kmart 4490 (allegation #52).

Defendant TSP's arguments regarding the scope or coverage of the insurance policy cannot be raised as a basis to dismiss the complaint for failure to state a claim under Rule 12(b)(6).  Plaintiff is correct in asserting that defendant is free to argue that the insurance contract does not apply or that its terms were not breaches but that such arguments, however, must be raised in a motion for Summary Judgment, not in a Rule 12(b)(6) motion.

For the reasons stated above, defendant TSP's Motion to Dismiss for Plaintiff's Failure to State a Claim Upon which Relief Can Be Granted (**docket entry 12**) is DENIED.

SO ORDERED.

At San Juan, Puerto Rico, on August 28, 2013.

                                                    S/CARMEN CONSUELO CEREZO
                                                    United States District Judge